LATTIMORE, J. This conviction was had in county court at law No. 2 of Harris county for unlawfully carrying a pistol. There is neither statement of facts nor bills of exception in the record. The complaint and information charge the offense. No written charge appears, nor is there complaint of the charge as given. No error appearing in the record, the judgment will be affirmed.

2

John WILSON v. STATE. (No. 9352.) (Court of Criminal Appeals of Texas. June 24, 1925. Rehearing Denied Oct. 21, 1925.) Appeal from District Court, Smith County; J. R. Warren, Judge. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, ·J. Appellant was .convicted in the district court of Smith county of manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary. The record is before us without bills of exception or statement of facts. The indictment charges the offense in correct form, and the charge of the court is correct in a case of a plea of guilty such as appears in this record. The judgment will be affirmed.

3

Bill PYLE v. STATE. (No. 146.) (Supreme Court of Arkansas. Oct. 5, 1925.) Appeal from Circuit Court, Union County; L. S. Britt, Judge. H. W. Applegate, Atty. Gen., and Jno. L. Carter and Darden Moose, Asst. Attys. Gen., for the State.

WOOD, J. This is an appeal from a judgment sentencing the appellant to imprisonment in the state penitentiary for a period of one year. The appellant was convicted upon an indictment charging him with the crime of selling intoxicating liquor. The testimony for the state tended to prove that the deputy sheriff and others went to the home of the appellant. They bought a quart of· whisky from him for which they paid $1.50. This occurred in Union county, Ark., on February 23, 1925. The appellant himself testified that he did not sell the witnesses for the state any whisky, but that he gave them some to drink. The motion for a new trial contained only the general assignments of error that the verdict is contrary to the law and evidence. We find no error in the instructions of the court, and the evidence is sufficient to sustain the verdict. The judgment is therefore affirmed.

END OF CASES IN VOL. 275

*